**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JOE PERRY,

               Plaintiff,

     v.

NATIONAL CREDIT UNION
ADMINISTRATION, OCNAC #1
FEDERAL C.U., and JOHN DOE 1-
99,

               Defendants.

No. 1:19-cv-00167-NLH-KMW

**OPINION**

---

**APPEARANCES**:

MONTELL FIGGINS
17 Academy Street
Suite 305
NEWARK, NJ 07102

     *Attorney for Plaintiff Joe Perry.*

JESSICA ROSE O'NEILL
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET
4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101

*Attorney for Defendants National Credit Union Administration.*

JOEL I. FISHBEIN
LITCHFIELD CAVO LLC
1515 MARKET STREET
SUITE 1220
PHILADELPHIA, PA 19102

*Attorney for Defendant OCNAC #1 Federal C.U.*

**HILLMAN, District Judge**

    This matter arises from the alleged failure of Defendants
National Credit Union Administration ("NCUA") and OCNAC #1
Federal C.U. ("OCNAC") to protect Plaintiff Joe Perry's bank
account from withdrawals from unauthorized individuals.
Presently pending before the Court are motions to dismiss filed
by both Defendants.  For the reasons explained below, the Court
will grant both motions and dismiss Plaintiff's complaint with
prejudice.

<h2 align="center">Background</h2>

    The Court has previously detailed the factual background of
this action in its October 28, 2019 Opinion dismissing
Plaintiff's first amended complaint, and will only repeat it now
to the extent necessary to address the present motion.
Plaintiff alleges that on July 9, 2014, he opened two accounts
with OCNAC by depositing the sum of $436,374.06.  (ECF No. 41 at
¶ 1).  On March 30, 2017, Plaintiff visited OCNAC's offices,
where he learned that there had been several unauthorized
transfers from his accounts.  Id. at ¶ 3.  Plaintiff alleges
that these transfers were initiated by his estranged wife
without his permission, and that he disputed the transfers with
OCNAC and filed a complaint with NCUA.  Id. at ¶¶ 3-6.

    After Plaintiff's dispute and complaint were both denied,
id. at ¶¶ 10-12, he filed his initial complaint in the Superior

2

Court of New Jersey, Camden County on December 4, 2018.  After

the action was removed to federal court by NUCA, Plaintiff filed

the Amended Complaint on May 14, 2019.  (ECF No. 21).  The

amended complaint asserted four claims against OCNAC and NCUA,

which Defendants both moved to dismiss.  (ECF No. 22 and 25).

In an Opinion and Order entered on October 28, 2019, the

Court granted Defendants' motions to dismiss.  (ECF No. 35 and

36).  More specifically, it dismissed Plaintiff's claims with

prejudice, with the lone exception of his breach of contract

claim against both Defendants.  The Court granted Plaintiff

permission to file a second amended complaint as to his breach

of contract claim only.  On December 2, 2019, Plaintiff then

filed his Second Amended Complaint.  Despite the Court's prior

Order, that Complaint asserts three claims: (1) a claim for

breach of contract against both defendants, (2) a claim for

negligence against OCNAC, and (3) a claim for "violation of

N.J.S.A.12A:4 and UCC Article 4" against OCNAC.  (ECF No. 41).

Shortly after, both Defendants filed motions to dismiss

these claims as well.  (ECF No. 44 and 45).  After Plaintiff

filed a letter asserting that Defendants had failed to provide

certain discovery material pursuant to their obligations under

Federal Rule of Civil Procedure 26(a), Magistrate Judge Karen M.

Williams issued an order requiring Defendants to produce those

documents, and this Court issued an order administratively

terminating the pending motions to give Plaintiff "sufficient

time to review any material to be produced by Defendants."  (ECF

No. 51).  At some point during this time frame, OCNAC informed

Plaintiff that some of the documents he requested, apparently

including their copy of the original membership and account

agreement entered into by Plaintiff and OCNAC, had been lost

during an accidental flood three years earlier.  After further

back and forth on this topic, Magistrate Judge Williams ordered

OCNAC to "provide plaintiff with exemplars of any and all

documents which establish the relationship between it and

plaintiff as outlined in the Opinion."  (ECF No. 58).

    After an April 29, 2020 conference call, Magistrate Judge

Williams directed Defendants to refile their motions to dismiss.

Defendants did so on June 12, 2020. (ECF No. 66 and 67).

Plaintiff then filed a brief opposing the motion on July 13,

(ECF No. 69), and Defendant OCNAC finally filed a letter in

further support of their motion to dismiss on July 22, 2020.

(ECF No. 70).

## Discussion

### I.   Subject Matter Jurisdiction

    Plaintiff filed this action against several defendants,

including NCUA, which is a federal agency.  NCUA removed this

action to this Court pursuant to 28 U.S.C. § 1442(a)(1). This

Court exercises subject matter jurisdiction pursuant to that statute.

## II.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its

6

face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at

570).

A court in reviewing a Rule 12(b)(6) motion must only

consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.

S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,

181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,

however, "an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document."  Pension Benefit Guar. Corp.

v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993).  If any other matters outside the pleadings are presented

to the court, and the court does not exclude those matters, a

Rule 12(b)(6) motion will be treated as a summary judgment

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## III. Analysis

Plaintiff's Second Amended Complaint asserts three claims:

Count I for breach of contract, against all Defendants, and

Counts II and III asserting negligence and "Violation of

N.J.S.A.12A:4and UCC Article 4" against Defendant OCNAC only.

The Court turns first to Counts II and III.

A. **Counts II and III Have Previously Been Dismissed With Prejudice.**

As Defendants note, Counts II and III are simply re-pleadings of claims that this Court has previously dismissed with prejudice — a point which Plaintiff has not attempted to dispute, as he has chosen not to mention or oppose OCNAC's arguments for dismissal of these counts in his opposition brief. In the previous iteration of his complaint, Plaintiff asserted a claim for negligence against OCNAC.  The Court, in its October 28, 2019 Opinion, found that, under New Jersey law, any action to enforce an obligation, duty, or right involving a negotiable instrument must be commenced within three years after the cause of action accrues.  (ECF No. 35 at 20) (citing N.J.S.A. § 12A:4-111).  Therefore, it held that "to the extent Plaintiff's negligence claim is governed by the UCC, it must be dismissed." Id. at 21.  And, in its accompanying October 28 Order, the Court explicitly stated that this negligence claim was dismissed with prejudice, and granted Plaintiff twenty days to "file a second amended complaint consistent with this Order and the related Opinion – *only as to the breach of contract claim*."  (ECF No. 36).

Count II, which explicitly asserts a negligence claim based on the same facts and theory, therefore must be dismissed. Although Count III does not explicitly label itself as a

negligence claim, it asserts only violations of "N.J.S.A. 12A:4

and UCC Article 4" under a similar theory: that OCNAC "fail[ed]

to exercise ordinary care" in regards to Plaintiff's account.

First, the Court notes that, despite its unequivocal order that

Plaintiff had leave only to file an amended complaint as to his

breach of contract claim, Count III is clearly an attempt to

plead his way around the fact that the Court had already

dismissed this claim with prejudice.  Second, Plaintiff's

claims, even if not labeled negligence claims, necessarily fail

again for the exact same reason: under New Jersey law, any

action to "to enforce an obligation, duty, or right" under

"N.J.S.A.12A:4 and UCC Article 4" must be brought within three

years.  N.J.S.A. § 12A:4-111.  As the Court found in its

previous Opinion, Plaintiff did not commence this action until

more than three years after his cause of action accrued, and his

claims are barred.

### B. Plaintiff's Breach of Contract Claims Must be Dismissed.

Pursuant to the Court's October 28, 2019 Order, Plaintiff

has attempted to replead his breach of contract claims against

both Defendants.  Unsurprisingly, both Defendants have again

moved to dismiss those claims.  Defendant NCUA argues that the

Court lacks jurisdiction over the claim asserted against them,

and both parties argue that Plaintiff has failed to state a

claim under Federal Rule of Civil Procedure 12(b)(6).

### i. **The Court Lacks Jurisdiction to Hear Plaintiff's Breach of Contract Claim Against Defendant NCUA.**

Defendant NCUA first asserts that the Court lacks jurisdiction to hear the breach of contract claim asserted against it.  "Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over non-tort claims against the Government for greater than $10,000."  Marquis v. Farm Serv. Agency, No. 14-6715, 2017 U.S. Dist. LEXIS 15849, *6 (D.N.J. Feb. 2, 2017) (quoting Clinton v. Goldsmith, 526 U.S. 529, 539 n.13, 119 S. Ct. 1538, 143 L. Ed. 2d 720 (1999)); 28 U.S.C. §1346(a).

In its earlier Opinion, the Court noted that Plaintiff had failed to plead any allegations regarding damages, and instructed him to "clearly identify the amount in damages he seeks so that this Court may determine whether it has proper jurisdiction to hear this claim."  (ECF No. 35 at 23 n.7).  The Opinion further explained that if Plaintiff's alleged damages exceeded $10,000, "this Court lacks jurisdiction to hear Plaintiff's breach of contract claim against NCUA."  Id. (citing 28 U.S.C. §1346(a)).  Plaintiff's Second Amended Complaint pleads that he has "suffered damages in excess of $65,000.00 due to Defendants' breach of contract."  (ECF No. 41 at ¶ 34). Accordingly, this Court lacks jurisdiction to hear his breach of contract claim against NCUA, and the claim must be dismissed.

### ii.  Plaintiff Has Failed to Sufficiently Plead a Breach of Contract Claim Against Defendant OCNAC.

The Court next turns to Plaintiff's breach of contract claim against Defendant OCNAC, which OCNAC has moved to dismiss for failure to state a claim.  In his Amended Complaint, Plaintiff had pled that "Defendants breached their contractual obligation to make their best efforts to protect the assets of Mr. Perry from being withdrawn by unauthorized individuals." (ECF No. 21 at ¶ 29).  This Court, noting that Plaintiff had entirely "fail[ed] to plead what contract required Defendants to perform such actions, and when any alleged breach occurred," dismissed his claim and granted him leave to file a second amended complaint to properly plead breach of contract. Plaintiff's breach of contract claim as pled in the Second Amended Complaint, while an improvement on the previous iteration, yet again fails to sufficiently state a claim.

The Second Amended Complaint, admittedly, does provide more detail regarding the breach of contract claim; he makes explicit that his claim is intended to focus on OCNAC's "fail[ure] to verify signatures and personal security features that would have prevented Mr. Perry's account from being compromised" and accessed by individuals other than Plaintiff.  (ECF No. 41 at ¶¶ 25-28).  And, unlike his previous complaint, Plaintiff here has, vaguely, identified the contract he claims was breached: "a

11

written account agreement" entered into by Plaintiff and OCNAC

on the day he opened his accounts.  Id. at ¶ 22.  However, that

is where the additional details and allegations end.  Plaintiff

yet again fails to plead any further factual allegations to

support his claim that OCNAC had the contractual duties he

accuses them of having breached.  Plaintiff points to no

contractual provision, quotes no contractual language, and

entirely fails to sufficiently plead that any contractual

requirement was breached.

Plaintiff's opposition brief similarly fails to save his

breach of contract claim.  In fact, the Court notes that

Plaintiff himself admits that "neither Plaintiff nor OCNAC can

point to a specific breach of the contractual relationship

between OCNAC and Plaintiff."  Id. at 10.  Beyond appearing to

concede that he has no basis for alleging breach of the "written

account agreement," Plaintiff's opposition brief only makes one

argument relevant to supporting the claim he pled in the Second

Amended Complaint: he appears to argue that this lack of factual

allegations regarding the contract should not be held against

him, because "neither Plaintiff nor Defendant has Plaintiff's

actual membership and account agreement to determine what

liability and contractual duties are applied."  (ECF No. 69 at

14).

Plaintiff fails to persuasively explain how the fact that neither party has the contract in question should serve to save a claim that is entirely deficient in necessary factual allegations — especially in an action in which the discovery process is already underway.  As OCNAC has explained in multiple filings in this proceeding, an accidental flood that occurred three years prior to Plaintiff's filing of this action caused the loss of certain documents, apparently including their copy of Plaintiff's membership and account agreement.  In light of this, Magistrate Judge Karen M. Williams issued a Discovery Order on March 23, 2020 directing OCNAC to "provide plaintiff with exemplars of any and all documents which establish the relationship between it and plaintiff."  (ECF No. 58). Plaintiff, in his opposition papers, openly concedes that he was provided an exemplar of the membership and account agreement that he alleges is the basis for his breach of contract claim, and that the "exemplar membership  and  account  agreement  is void and silent on its liability and contractual duty."  (ECF No. 69 at 14).

The Court finds that this must be the end of the matter. Plaintiff has failed to sufficiently state a claim for breach of contract in his complaint.  He cannot attempt to sustain such a claim based on the proposition that a contract that apparently no longer exists and can no longer be accessed by the parties

13

might have had different provisions that might have imposed

contractual duties on OCNAC that would support a breach of

contract claim.

Having conceded the lack of a contractual provision

supporting his claim, and likely aware that the argument above

was insufficient to save that claim for dismissal, Plaintiff's

opposition brief puts forward a number of other futile

arguments.  For the first time, Plaintiff argues that OCNAC

breached a contractual duty to protect his records from damage,

that OCNAC violated the Graham-Leach Bliley Act, and that OCNAC

violated an alleged implied contract between the parties,

separate from the written agreement relied upon in the Second

Amended Complaint.  However, these claims, on their face, do not

relate to Plaintiff's claim that OCNAC breached his "written

account agreement" as alleged in the Second Amended Complaint;

instead, they serve as entirely new claims and new bases for

OCNAC's liability.  A plaintiff may not amend his complaint

through arguments made for the first time in a brief.  Hall v.

Revolt Media & TV, LLC, No. 17-2217 (JMV) (MF), 2018 WL 3201795,

at *3 (D.N.J. 2018) (citing Com. Of Pa. ex rel. Zimmerman v.

PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).

Plaintiff had the opportunity to plead most of these

allegations in any of the three complaints that he has filed in

this action, and to the extent that he could not, Plaintiff

14

could have requested leave to amend his complaint again to include such additional claims.  Plaintiff did not do so, and may not now attempt to supplement his complaint, the third he has filed in this action, with new bases for liability asserted for the first time in a brief opposing a motion to dismiss. Given Plaintiff's own concessions described above, and the multiple opportunities Plaintiff has had to sufficiently plead his breach of contract claim, the Court will dismiss Plaintiff's complaint with prejudice.

## Conclusion

For the reasons expressed above, Defendants' Motions to Dismiss (ECF No. 66 and 67) will be granted with prejudice.

An appropriate Order will be entered.


Date:   January 21, 2020          /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

15